UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

In re Application of DAVID A. GODFREY,
YUKOS FINANCE B.V. and YUKOS
INTERNATIONAL UK B.V. for an order to
conduct discovery for use in a foreign
proceeding.

: No. 1:15-MC-325

            Petitioners.

------------------------------------------------------------ X

### DECLARATION OF JEFFREY JOHNSON IN OPPOSITION TO PETITIONERS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS *DUCES TECUM* AND IN SUPPORT OF RESPONDENTS' MOTION TO QUASH SUBPOENAS *AD TESTIFICANDUM*

I, Jeffrey Johnson, declare and state as follows:

1. I am currently the Chief Operating Officer ("COO") of VR Advisory Services (USA) LLC ("VRASL USA"). I submit this declaration in Opposition to Petitioners' Motion to Compel Compliance With Subpoenas *Duces Tecum* and in Support of Respondents' Motion to Quash Subpoenas *Ad Testificandum*.

2. Prior to serving as COO of VRASL USA, beginning on or around January 1, 2014, I served as Chief Financial Officer ("CFO") of VRASL USA. Prior to that position, I was employed by VR Advisory Services (Dubai) Ltd ("VRASL Dubai") from approximately 2009 until approximately 2013. Prior to 2009, I was employed by OOO VR Capital Group ("OOO VR Russia"), a Russian entity that no longer exists.

3. I have also served, and continue to serve, as a director of VR Capital Group Ltd. ("VR Capital").

### *My Roles at VR Advisory USA, VR Advisory Dubai, and OOO VR Russia*

4.  Throughout my employment at VRASL USA, VRASL Dubai, and OOO VR Russia, I have been responsible for the operational and financial functions of those entities. By way of example, I am responsible for tasks such as opening new bank accounts, forming new legal entities, executing wire transfers, and distributing share certificates. My job functions have always focused on the operational details of executing financial transactions.

5.  My job functions have not included, and do not include, responsibility for determining investment strategies, making asset allocations or assessing returns on any potential or existing investments. Accordingly, I would not typically be involved in decisions about whether to invest in any particular project or other opportunity, or how to manage, protect or exit any investments. In particular, with respect to the subject matter of this application, I can state that I did not make or participate in the relevant investment decisions. My role was ministerial in nature, e.g., assisting with the formation of holding entities, effectuating wire transfers, etc.

### *The Factual Errors in Petitioners' Memoranda*

6.  Petitioners' Memorandum in Support of their Petition for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery, and their Memorandum of Law in Support of Their Motion to Compel Compliance with Subpoenas (together, "Petitioners' Memoranda") contain a number of factual errors.

7.  First, Petitioners' Memoranda allege that I am currently the COO of VR Capital and that I was previously the CFO of VR Capital. In fact, I have only ever served as the COO and CFO of VRASL USA, a legally distinct entity. Moreover, I only became CFO of VRASL USA beginning in 2013, approximately 6 years after the time period relevant to Petitioners' subpoenas.

8. Second, Petitioners' Memoranda allege that I have knowledge of and/or was involved in a number of events and decisions which occurred in 2007. Specifically, Petitioners' Memoranda allege that I have knowledge of and/or was involved in

   a. The decision of VR Capital and certain other investors to purchase assets of Yukos Oil;

   b. Alleged negotiations between certain investors and Rosneft Oil Company;

   c. Actions taken by Eduard Rebgun, the bankruptcy trustee of Yukos Oil;

   d. The auction through which OOO Promneftstroy acquired shares of Yukos Finance;

   e. The financing and management of OOO Promneftstroy; and

   f. "[A]ll investment decisions made by VR Capital Group companies."

9. In fact—in accordance with the operational nature of my positions at VRASL USA, VRASL Dubai, and OOO VR Russia—I did not have substantive knowledge of and/or substantive involvement in any of the events and decisions described in paragraph 8. For the avoidance of doubt, I note that I would have had a ministerial role, as with any investment, in setting up bank accounts, arranging for the formation of legal entities and/or, arranging for customary holding company structures, executing wire transfers, and distributing share certificates.

**My Access to the Documents Sought by Petitioners' Subpoenas**

10. Petitioners' subpoena *duces tecum* directed to me requests sixteen categories of documents that encompass voluminous materials relating to events that took place in 2007. As described above, I was involved minimally, if at all, in those events as a result of the nature of my positions at VRASL USA, VRASL Dubai, and OOO VR Russia.

11.     Because of the nature of my positions at VRASL USA, VRASL Dubai, and OOO VR Russia I am unlikely to possess any documents responsive to Petitioners' subpoena *duces tecum*.

12.     Moreover, documents responsive to Petitioners' subpoena *duces tecum* are not located in the United States.

13.     Finally, I have inquired and been informed that I would not be given permission to access and turn over any documents located outside of the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New York, New York on this 8th day of December 2015.

_____
JEFFREY JOHNSON