**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— X

In re Application of DAVID A. GODFREY,          :
YUKOS FINANCE B.V. and YUKOS                    :
INTERNATIONAL UK B.V. for an order to           :
conduct discovery for use in a foreign          : No. 1:15-MC-325
proceeding.                                     :
                                                :
                        Petitioners.            :
                                                :
———————————————————— X


**RESPONDENTS' REPLY MEMORANDUM OF LAW IN OPPOSITION TO
PETITIONERS' MOTION TO COMPEL COMPLIANCE WITH
SUBPOENAS *DUCES TECUM* AND IN SUPPORT OF RESPONDENTS'
MOTION TO QUASH SUBPOENAS *AD TESTIFICANDUM***

Robert H. Pees
Jessica Oliff Daly
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036


*Counsel for Respondents Jeffrey Johnson,
Richard Deitz, and VR Capital Group*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ...........................................................................................2

ARGUMENT ................................................................................................................4

I.     THE *GODFREY I* DECISION IS CONTROLLING...........................................4

       A.     Judge Rakoff's Alternative Holdings in *Godfrey I* Are Not Dicta .........4

       B.     *Godfrey I* Was a "Final Decision" That Can Be Given Preclusive Effect...............6

       C.     Claim Preclusion Bars Petitioners' Application ........................................6

       D.     Issue Preclusion Also Bars Petitioners' Application ................................7

II.    THE GROUNDS ON WHICH THE *GODFREY II* COURT DECLINED TO
       APPLY THE PRINCIPLES OF RES JUDICATA TO *GODFREY I* ARE NOT
       PRESENT IN THIS CASE.......................................................................................9

III.   RECIPROCAL DISCOVERY IS PERMITTED AND APPROPRIATE IN THIS
       PROCEEDING .........................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Al-Bihani v. Obama*,
  619 F.3d 1 (D.C. Cir. 2010)...................................................................................5

*Ali v. Mukasey*,
  529 F.3d 478 (2d Cir. 2008)..................................................................................7

*Allen v. McCurry*,
  449 U.S. 90 (1980)...............................................................................................6

*In re Application of Anna Aleksandrovna Sergeeva*,
  Order, 1:13-cv-03437 (N.D.Ga. Nov. 22, 2013)...................................................3

*In re Application of Nokia Corp.*,
  2007 WL 1729664 (W.D. Mich. June 13, 2007) .................................................3

*In re Application Pursuant to 28 U.S.C. Sec. 1782*,
  2014 WL 4181618 (S.D. Ohio Aug. 21, 2014).....................................................5

*Bravo v. United States*,
  532 F.3d 1154 (11th Cir. 2008) ............................................................................5

*Chevron Corp. v. Aguinda Salazar*,
  2011 WL 2207555 (S.D.N.Y. June 2, 2011) ........................................................6

*Chevron Corp. v. Berlinger*,
  629 F.3d 297 (2d Cir. 2011).................................................................................6

*Constantine v. Teachers Coll.*,
  448 F. App'x 92 (2d Cir. 2011) ............................................................................7

*In re Godfrey*,
  526 F. Supp. 2d 421 (S.D.N.Y. 2007)............................................................ passim

*Gottlieb v. SEC*,
  420 F. App'x 59 (2d Cir. 2011) ............................................................................6

*Hamdan v. Rumsfeld*,
  548 U.S. 557 (2006)..............................................................................................5

*In re Heraeus Kulzer GmbH*,
  2010 WL 2559795 (N.D. Ind. June 22, 2010), *rev'd sub nom.*, *Heraeus Kulzer,
  GmbH v. Biomet, Inc.*, 633 F.3d 591 (7th Cir. 2011)...........................................6

*HT S.R.L. v. Velasco,*
  2015 WL 5120980 (D.D.C. Aug. 28, 2015) ...............................................................10

*In re Godfrey*;
  2009 U.S. Dist. LEXIS 127279 (N.D. Tex. Mar. 24, 2009) ........................................5

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004).......................................................................................................10

*Massachusetts v. United States*,
  333 U.S. 611 (1948)........................................................................................................5

*Minatec Fin. S.A.R.L. v. SI Grp. Inc.*,
  2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008) .........................................................10

*New Hampshire v. Maine*,
  532 U.S. 742 (2001)........................................................................................................7

*In re Potanina*,
  2015 WL 750656 (S.D.N.Y. Jan. 9, 2015) ................................................................8

*Pyett v. Pa. Bldg. Co.*,
  498 F.3d 88 (2d Cir. 2007), *rev'd on other grounds and remanded sub nom.*, *14 Penn
  Plaza LLC v. Pyett*, 556 U.S. 247 (2009)..................................................................5

*In re Republic of Ecuador*,
  735 F.3d 1179 (10th Cir. 2013) ..................................................................................6

*United States v. Sealed 1, Letter of Request for Legal Assistance from the Deputy
  Prosecutor Gen. of the Russian Fed'n*,
  235 F.3d 1200 (9th Cir. 2000) ....................................................................................6

*In re Veiga*,
  746 F. Supp. 2d 8 (D.D.C. 2010) ...............................................................................5

*Woods v. Interstate Realty Co.*,
  337 U.S. 535 (1949)........................................................................................................5

**STATUTES**

28 U.S.C.§ 1782................................................................................................ passim

Federal Rule of Civil Procedure 45 ...............................................................................1, 4

## PRELIMINARY STATEMENT

Petitioners sidestep Judge Rakoff's 2007 decision in *In re Godfrey*, 526 F. Supp. 2d 421 (S.D.N.Y. 2007) ("*Godfrey I*"), by arguing that its holdings are dicta and that circumstances have changed.  But Respondents' arguments for rejecting the subpoenas are as solid now as they were in 2007:

In 2007, Judge Rakoff *held* that the subpoenaed documents were outside the geographic reach of Section 1782.   That holding was not dicta.

Similarly, Judge Rakoff *held* that Respondent VR Capital was not found in this District for the purposes of Section 1782 and that Respondent Richard Deitz was outside the territorial reach of Federal Rule of Civil Procedure 45.  And he further *held* that "the connection to the United States is slight at best," too loose a nexus to warrant an exercise of discretion to provide discovery assistance.  Those holdings too were not dicta.

Have circumstances changed to justify ignoring Judge Rakoff's holdings?  No.  The documents remain abroad.  Respondent Deitz continues to reside abroad, where he regularly transacts his business with only sporadic visits to the United States.  And while an affiliated company, a non-party, launched a New York office, Respondent VR Capital remains located and headquartered abroad.  In short, as Judge Rakoff observed in 2007, the connection with the United States remains slight at best.

Finally, it is telling that Respondent Godfrey, a United States resident, is unwilling to submit to reciprocal discovery.  For that reason alone, the requested discovery assistance for his overseas litigation efforts should be rejected.  And it is also telling that Petitioners casually dismiss Judge Rakoff's holdings as mere dicta.  The reason for this is apparent:  as discussed below, neither the relevant facts nor the law have changed since 2007.

**STATEMENT OF FACTS**

In 2007, in their pleadings and at oral argument before Judge Rakoff, Petitioners argued that VR Capital was "found" in this District, and that Mr. Deitz could be required to attend a deposition here, because, among other things, VR Capital branded itself as having a New York presence and its founder Mr. Deitz came to New York from time to time for business, including multiple trips relating to Refco-related court proceedings.[1]   This is what Petitioner Godfrey's counsel said at oral argument in 2007:

> As to VR Capital, I mean here we have Mr. Deitz, the president of VR Capital comes to New York for Revco [sic] creditor committee meetings.  The VR Capital entities were creditors.  Mr. Deitz has, on every email he sends out it says, VR Capital Moscow and New York, with this address at 136 Madison.  He certainly is holding himself out to the world as having a New York office.[2]

Petitioners' current factual allegations regarding VR Capital and Mr. Deitz's locations are conspicuously similar to their 2007 allegations.  For example, Petitioners again allege that Mr. Deitz travels to New York for business, relying once more on Mr. Deitz's limited visits to New York relating to NY-based litigation matters.[3]   In that regard, they even cite an affidavit that is roughly contemporaneous with the 2007 proceeding, an affidavit that notes that Mr. Deitz lives and works abroad and had periodic business trips to the United States during the period from 2000 to 2009.[4]   And the "VR" described in that affidavit is actually VR Global Partners, L.P., which was the largest creditor in the Refco bankruptcy referenced by Petitioners' counsel in

---

[1] *See* Pet. Mem. of Law In Opp. to Mot. to Respondents' Motion to Quash Subpoenas Issued Pursuant to 28 U.S.C. § 1782, October 19, 2007, MC-19-99, at 14-15 (hereinafter "Pet. 2007 Mem. of Law") (attached to the Declaration of Jessica Oliff Daly in Support  of Respondents' Reply Memorandum of Law in Opposition to Petitioners' Motion to Compel Compliance with Subpoenas *Duces Tecum* and in Support of Respondents' Motion to Quash Subpoenas *Ad Testificandum* ("Daly Decl.") as Ex. A); *see also* Transcript of 2007 Oral Argument ("2007 Oral Arg. Trans.") (ECF No. 14-1) at 18:4-18:15.

[2] *See* 2007 Oral Arg. Trans. (ECF No. 14-1) at 18:4-18:15.

[3] *See* Pet. Mem. of Law in Support of Mot. to Compel Compliance with Subpoenas Served on VR Capital Group Ltd. and Jeffrey Johnson (hereinafter "Pet. Mem. of Law in Support of Mot. to Compel") (ECF No. 7) at 16-17; *see also* Pet. Mem. of Law in Further Support of their Mot. to Compel Compliance with Subpoenas Served on VR Capital Group Ltd. and Jeffrey Johnson and in Opp. to Respondents' Mot. to Quash (hereinafter "Pet. Mem. of Law in Further Support of their Mot. to Compel") (ECF No. 17) at 16-18.

[4] *See* Declaration of Robert F. Serio (ECF No. 18) Ex. 1 (attaching the Affidavit of Richard Deitz dated December 11, 2009).

2007.  In fact, most of the lawsuits listed in Mr. Deitz's affidavit are Refco-related.  In short,

these are not new facts or changed circumstances.  Nothing in that affidavit or Petitioners' other

submissions undermines Judge Rakoff's matter-of-fact observation that Mr. Deitz resides abroad,

regularly conducts his business abroad, and only travels to the United States from time to time.[5]

      Similarly, as in 2007, Petitioners argue that VR Capital is found here because it allegedly

touts a New York presence, an argument rejected by Judge Rakoff in 2007.[6]  In *Godfrey I*,

Petitioners argued that Renaissance Capital LLC was "found" in this District because a

Renaissance affiliate was located here and the corporation allegedly held "itself out as a global

enterprise with a unified marketing image."[7]  Judge Rakoff rejected that argument, noting that

the various Renaissance-related entities were "separate legal entities with separate employees

and separate functions."[8]  Today, Petitioners make a nearly identical argument, alleging that a VR

Capital affiliate[9] is located in New York and "the various VR entities . . . market themselves as a

single financial services firm."[10]  Judge Rakoff's 2007 rejection of that argument is equally

applicable to VR Capital and its affiliates here.[11]

---

[5] 526 F. Supp. 2d at 422-23.

[6] *Id*. at 422.

[7] *See* Pet. 2007 Mem. of Law (Daly Decl. Ex. A) at 12.

[8] 526 F. Supp. 2d at 420.  In *Godfrey I* Judge Rakoff also explained that the fact that a VR Capital affiliate may be located in New York does not mean that VR Capital itself is "found" here.  He relied on *In re Application of Nokia Corp.*, in which the court found that a corporation will not be "found" in a district even if it owns a controlling interest in a subsidiary which is found in that district where the corporation and its affiliate are separate legal entities which observe all corporate formalities.  *Id*. at 422 citing 2007 WL 1729664, at *4 (W.D. Mich. June 13, 2007).

[9] Petitioners, in fact, point to several VR Capital affiliates in order to cobble together a New York presence for VR Capital itself.  In 2007 and again today, Petitioners' pleadings refer generally to "VR Capital."  No such entity exists.  VR Capital Group, Ltd.—the only entity served with Petitioners' 2007 and 2015 Subpoenas—is incorporated in and has its registered address in the Cayman Islands.  VR Capital Group, Ltd. has several affiliates, one of which is VR Advisory Services (USA) LLC ("VRASL USA").  VRASL USA maintains an office in New York.  All of Petitioners' other references to VR-related entities are to non-U.S. entities.  In particular, VR Advisory Services Ltd., the entity which filed a Form ADV cited by Petitioners, is a distinct legal entity with its headquarters in Dubai.  Petitioners' imprecise references to "VR Capital" are an attempt to obfuscate the fact that there is only one entity related to VR Capital Group, Ltd.—VRASL USA—which has any presence in New York.

[10] Pet. Mem. of Law in Further Support of Their Mot. to Compel (ECF No. 17) at 14.

[11] Petitioners' reliance on *In re Application of Anna Aleksandrovna Sergeeva* is misplaced.  In *Sergeeva*, the court's finding that an entity was part of an "interconnected global enterprise" was one of several facts which, taken together, enabled the court to determine that the entity had the ability to obtain documents requested by a petitioner.  *See* Order at *24, 1:13-cv-03437, (N.D.Ga. Nov. 22, 2013) (ECF No. 30).

Finally, Petitioners do emphasize one recent development that is of absolutely no legal consequence.  Mr. Deitz attended a single (not two, as suggested by Petitioners) court proceeding in this District related to a Section 1782 application.[12]  Section 1782 is explicitly designed to aid foreign litigants in obtaining discovery.  Thus it would be ironic if a non-resident litigant's appearance in this District in order to seek Section 1782 discovery could serve as the basis for requiring the applicant to provide discovery.  In any event, that courtroom visit does not constitute "regularly transacting business" within the meaning of Federal Rule of Civil Procedure 45.

## ARGUMENT

### I.    THE *GODFREY I* DECISION IS CONTROLLING

Petitioners try to dodge *Godfrey I* with two additional legal arguments.  First, they mischaracterize Judge Rakoff's alternative holdings in *Godfrey I* as non-binding "dicta".[13]  Second, they paint *Godfrey I* as a non-final "discovery order" lacking precedential effect.[14]   Both of these mischaracterizations are easily rejected.

### A.    Judge Rakoff's Alternative Holdings in *Godfrey I* Are Not Dicta

Petitioners first seek to avoid the case-determinative effects of Judge Rakoff's holdings in *Godfrey I* by characterizing them as non-binding "dicta."  But Judge Rakoff's analyses are not dicta, but rather several alternative holdings, all of which supported the decision in *Godfrey I*. 526 F. Supp. 2d at 421-24.  The fact that all of Judge Rakoff's findings constitute alternative holdings, rather than dicta, is clear from the opinion and from their treatment in other decisions. First, *Godfrey I* concludes by stating "[a]ccordingly, for *all the foregoing reasons*, respondents' motion to quash the subpoenas is hereby granted in its entirety."  *Id*. at 424 (emphasis added). The opinion also opens by explaining that "for the reason*s* explained below" the subpoenas

---

[12] Pet. Mem. of Law in Further Support of their Mot. to Compel (ECF No. 17) at 17.

[13] *See id*. at 2, 4, 8, 18.

[14] *Id*. at 8-9.

would be quashed. *Id*. at 418 (emphasis added). Judge Rakoff also unmistakably acknowledged that his decision rested on multiple holdings when he wrote that "even if" Petitioners could overcome certain of his grounds for quashing the subpoenas (related to the location of the respondents and the documents) he would still quash the subpoenas based on several policy considerations. *Id*. at 424.

Moreover, other courts and commentators have described Judge Rakoff's rulings in *Godfrey I* as holdings, rather than dicta. For example, in *Godfrey II*, the court wrote that Judge Rakoff "*held* that . . . a witness cannot be compelled to produce documents located outside of the United States" and "*held*" that the court would not exercise its discretion to order discovery. *In re Godfrey*, 2009 U.S. Dist. LEXIS 127279, at *9-10 (N.D. Tex. Mar. 24, 2009) ("*Godfrey II*") (emphasis added).[15]

It is well established that "where a decision rests on two or more grounds, none can be relegated to the category of *obiter dictum*." *Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949); *see also Massachusetts v. United States*, 333 U.S. 611, 623 (1948) (where a decision rests "as much upon the one determination as the other . . . the adjudication is effective for both"); *Hamdan v. Rumsfeld*, 548 U.S. 557, 716 (2006) (an "alternative holding is no less binding than if it were the exclusive basis for the Court's decision") (Alito, dissenting). There is also "a longstanding principle that alternative holdings each possess precedential effect." *Al-Bihani v. Obama*, 619 F.3d 1, 2 (D.C. Cir. 2010).[16] Accordingly, there is no merit to Petitioners' argument that any of Judge Rakoff's multiple holdings in *Godfrey I* are non-binding dicta.

---

[15] *See also In re Veiga*, 746 F. Supp. 2d 8, 25 (D.D.C. 2010) (Citing *Godfrey I* for the proposition that a "respondent cannot be compelled to produce documents located outside the United States"); *In re Application Pursuant to 28 U.S.C. Sec. 1782*, 2014 WL 4181618, at *4 (S.D. Ohio Aug. 21, 2014) (same); Edward M. Spiro & Judith L. Mogul, Southern District Civil Practice Roundup, 240 N.Y.L.J. 3 (1998) ("In *Godfrey*, Judge Rakoff also *held* that the 1782 subpoena could not reach documents located abroad.") (emphasis added).

[16] *See also Pyett v. Pa. Bldg. Co.*, 498 F.3d 88, 93 (2d Cir. 2007), *rev'd on other grounds and remanded sub nom.*, *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009) ("[a]n alternative conclusion in an earlier case that is directly relevant to a later case is not dicta; it is an entirely appropriate basis for a holding in the later case"); *Bravo*

**B.**     *Godfrey I* **Was a "Final Decision" That Can Be Given Preclusive Effect**

Petitioners also attempt to avoid the *res judicata* effect of *Godfrey I* by arguing that the decision was a "discovery order" rather than a "final order."  This argument rests on cases not involving Section 1782 and is meritless.  First, given the purpose of Section 1782, every order based on that statute relates to discovery in some way—this does not prevent courts from rendering final orders on Section 1782 applications.  *See e.g.*, *Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011) ("an order granting or denying discovery that constitutes the final resolution of a [§ 1782] petition . . . is the final adjudication of the § 1782 application . . . ."[17]

Moreover, several courts have acknowledged that Section 1782 orders may be given preclusive effect.  *See e.g.*, *Chevron Corp. v. Aguinda Salazar*, 2011 WL 2207555, at \*4 (S.D.N.Y. June 2, 2011) (acknowledging that "particular issues of fact or law that may have been resolved in a Section 1782 proceeding" could have an issue preclusive effect in later litigation).[18]  In short, Section 1782 orders are eligible for preclusive effect.

**C.**     **Claim Preclusion Bars Petitioners' Application**

The doctrine of claim preclusion provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Gottlieb v. SEC*, 420 F. App'x 59, 60 (2d Cir. 2011) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  This proceeding meets all three requirements for application of the doctrine of claim preclusion.

---

v. United States, 532 F.3d 1154, 1162 (11th Cir. 2008) ("additional or alternative holdings are not dicta, but instead are as binding as solitary holdings").

[17] *See also In re Republic of Ecuador*, 735 F.3d 1179, 1183 (10th Cir. 2013) ("[Section] 1782 orders are considered final and appealable"); *United States v. Sealed 1, Letter of Request for Legal Assistance from the Deputy Prosecutor Gen. of the Russian Fed'n*, 235 F.3d 1200, 1203 (9th Cir. 2000) ("district court's orders made pursuant to § 1782 are final, and thus appealable").

[18] *See also In re Heraeus Kulzer GmbH*, 2010 WL 2559795, at \*2 (N.D. Ind. June 22, 2010), *rev'd sub nom.*, *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591 (7th Cir. 2011) (prior judicial ruling meant that the applicant's second § 1782 request "should be barred based on res judicata or collateral estoppel grounds").

First, as discussed above, Judge Rakoff's decision in *Godfrey I* was a final judgment on the merits.  Second, the new Petitioners in this matter (Yukos Finance and Yukos International) are corporate entities whose director, Petitioner Godfrey, was also a petitioner in the 2007 proceeding.  Therefore, based on their corporate relationships and their aligned interests in obtaining the nearly-identical discovery sought through the 2007 Subpoenas[19], the requirement that the parties be identical or in privity is met.  Finally, Petitioners do not dispute that this proceeding seeks discovery which is nearly identical to the discovery sought in the 2007 proceeding.  Accordingly, the third requirement for the application of claim preclusion is met.

### D.    Issue Preclusion Also Bars Petitioners' Application

Issue preclusion, or collateral estoppel, forecloses "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment . . ." *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001); *see also Constantine v. Teachers Coll.*, 448 F. App'x 92, 93 (2d Cir. 2011).  Collateral estoppel bars relitigation of an issue when:  (1) the identical issue was raised in a prior proceeding; (2) the issue was "actually litigated and actually decided" in the prior proceeding; (3) the prior proceeding afforded "a full and fair opportunity for litigation" of the issue and (4) the issue previously litigated was "necessary to support a valid and final judgment on the merits." *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008).

As explained above and in Respondents' Memorandum of Law in Support of their Motion to Quash, in *Godfrey I*, Judge Rakoff rendered several alternative holdings in support of the decision quashing the 2007 Subpoenas.   Specifically, Judge Rakoff held that

1.  Discovery under Section 1782(a) was inappropriate because the documents Petitioners sought were located outside of the United States;

---

[19] Capitalized terms not defined herein have the same meaning set forth in Respondents' Memorandum of Law in Opposition to Petitioners' Motion to Compel Compliance with Subpoenas *Duces Tecum* and in Support of Respondents' Motion to Quash Subpoenas *Ad Testificandum* (ECF No. 13).

2.  VR Capital was not found in New York as is necessary to meet the threshold requirements for discovery under Section 1782(a);

3.  Mr. Deitz could not be compelled to attend a deposition at a location more than 100 miles from the place where he resides, is employed, or regularly transacts business;

4.  The connection between Petitioners' 2007 requests and the United States was "slight at best"; and

5.  The likelihood of interfering with Dutch discovery policy if discovery was permitted was "substantial."

526 F. Supp. 2d 421-23.  The doctrine of collateral estoppel prevents Petitioners from relitigating any of these issues in the current proceeding.

In *Godfrey I* Judge Rakoff ruled that there is a geographical limitation on Section 1782 discovery and ordered the 2007 Subpoenas quashed because they sought documents located outside of the United States.  526 F. Supp. 2d at 423.  For collateral estoppel to apply here, all that matters is that (1) the geographical limitation of Section 1782 was raised in *Godfrey I*; (2) the geographical limitation of Section 1782 was actually litigated and actually decided in *Godfrey I*; (3) *Godfrey I* afforded Petitioners and their privies "a full and fair opportunity for litigation" of the geographical limitation of Section 1782 and (4) Judge Rakoff's determination as to the issue was "necessary to support a valid and final judgment on the merits" in *Godfrey I*. Petitioners' discussion of the geographical limitations of Section 1782 does not even imply that any of these elements are not met.

Although it is irrelevant to the application of collateral estoppel, Petitioners place great emphasis on Chief Judge Preska's recent remarks in *In re Potanina*.  2015 WL 750656, at *2 (S.D.N.Y. Jan. 9, 2015).  All that *Potanina* says is that there is a division within the Circuit on this issue, and that the Circuit court has not provided definitive guidance on the geographical reach of Section 1782.  *Id*.  If anything, *Potanina* highlights a positive fact for Respondents here —the only Second Circuit decision to address this issue, *Application of Sarrio*, supports Judge

8

Rakoff's position. Specifically, *Sarrio* says "there is reason to think that Congress intended [§ 1782] to reach only evidence located within the United States." 119 F.3d 143, 147 (2d Cir. 1997). In other words, both the Second Circuit's limited guidance and Judge Rakoff's ruling related to these very Petitioners suggest that documents found abroad are not discoverable under Section 1782.

Arguing that they are not collaterally estopped, Petitioners assert that the facts underlying Judge Rakoff's 2007 holdings have changed. *See* Pet. Mem. of Law in Supp. of their Mot. to Compel (ECF No. 17) at 9, 12-18. Petitioners contend that "VR Capital" and Respondent Deitz are now found in this District, and that Dutch courts are now receptive to the discovery sought by Petitioners. *Id.* at 11, 14-18. But as discussed above in the Statement of Facts, no "new" material facts exist. Petitioners have just repackaged the arguments they made to Judge Rakoff in 2007.

## II.   THE GROUNDS ON WHICH THE *GODFREY II* COURT DECLINED TO APPLY THE PRINCIPLES OF RES JUDICATA TO *GODFREY I* ARE NOT PRESENT IN THIS CASE

Petitioners also argue that *res judicata* based on Judge Rakoff's holdings in *Godfrey I* is unavailable here because another court has declined to give preclusive effect to *Godfrey I*.[20] But the preclusion argument made in *Godfrey II* was less compelling than the argument for preclusion here. First, the respondents in *Godfrey II*, unlike Respondents VR Capital and Deitz here, were not parties to *Godfrey I*. Second, the sought-after documents in *Godfrey II* were located in the Northern District of Texas and not abroad, as was the situation in *Godfrey I*.[21] In fact, unlike the situation in *Godfrey II*, the sought-after documents here are exactly the same as the sought-after documents in *Godfrey I*, and those documents remain abroad. Third, in

---

[20] *See* Pet. Mem. of Law in Further Support of their Mot. To Compel (ECF No. 17) at 9-10 citing *Godfrey II*.
[21] *Godfrey II*, 2009 U.S. Dist. LEXIS 127279 at *11 n.3.

*Godfrey II* the corporate respondent was clearly found—indeed, it was headquartered in—the district from which the subpoena issued.[22][23]

## III.    RECIPROCAL DISCOVERY IS PERMITTED AND APPROPRIATE IN THIS PROCEEDING

On the issue of reciprocal discovery, Petitioner Godfrey essentially replies that Respondents can chase him down half way around the world in Hawaii.  That is unacceptable. Courts possess the authority to impose conditions on an order granting Section 1782 discovery, including by requiring the parties to engage in a "reciprocal exchange of information."[24] Reciprocal discovery has a number of advantages, chief of which is that it lends "parity to the disclosure mix." *Minatec Fin. S.A.R.L. v. SI Grp. Inc.*, 2008 WL 3884374, at *9 (N.D.N.Y. Aug. 18, 2008).  Petitioners have provided no argument for why this Court should not promote parity by providing for reciprocal discovery in the event that it does not quash the 2015 Subpoenas.

Dated:  January 8, 2016
        New York, New York

Respectfully Submitted,

            /s/ Robert H. Pees
        Robert H. Pees
        Jessica Oliff Daly
        AKIN GUMP STRAUSS HAUER & FELD LLP
        One Bryant Park
        New York, NY 10036

        *Counsel for Respondents Jeffrey Johnson,
        Richard Deitz, and VR Capital Group*

---

[22] *Id*. at *22-23.

[23] Petitioners also point to a recent Section 1782 proceeding, in which Judge Koeltl authorized a deposition for use in Dutch proceedings, as support for the fact that they should be permitted to obtain discovery here.  Pet. Mem. of Law in Further Supp. of their Mot. to Compel (ECF No. 17) at 10-11.  Among the many important differences that distinguish that proceeding from this one are:  the deponent in that case resided in this District; the deponent was served in this District; the deposition was limited to five specific matters that Petitioner Godfrey recently raised in the Dutch proceedings; and the party seeking discovery affirmatively agreed *not* to seek document discovery. Accordingly, that case has no bearing here.

[24] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262 (2004); *see also HT S.R.L. v. Velasco*, 2015 WL 5120980, at *8 (D.D.C. Aug. 28, 2015) ("the district court can condition relief upon that person's reciprocal exchange of information").